## Case No. 1,261.

BELL et al. v. OHIO LIFE INS. CO. et al.

[2 Wkly. Law Gaz. 321.]

Circuit Court, S. D. Ohio. Oct. 18, 1858.

CIRCUIT COURTS — JURISDICTION — CITIZENSHIP— REAL PARTIES — RECEIVERS — APPOINTMENT— CONFLICT OF JURISDICTION—STATE COURTS.

[1. To authorize the federal court to exercise jurisdiction of a bill in equity charging improper conduct on the part of assignees of an insolvent corporation, seeking to enjoin them, and praying for a receiver, it is sufficient that the complainants are aliens, and some of the defendants residents of the state, and the fact that difficulties may arise as to non-resident defendants, and as to non-residents not made parties, which will prevent a decree as to such non-residents, will not affect the jurisdiction as to the resident defendants.]

[See Towle v. American Bldg. Loan & Inv. Soc., 60 Fed. 131.]

[2. Although the real controversy was between the corporation and its assignees, and it could have brought suit to hold them to accountability, yet the plaintiffs, being bona fide creditors, could properly institute the proceeding.]

[3. It was no objection to the jurisdiction of such a suit that the receiver, if appointed, could not prosecute suits in other states.]

[4. When it appears in such suit that the management of the affairs of the company by the assignees is unsatisfactory to the creditors; that the company has suspended, is insolvent, and the assignee's conduct is improper, and that vast interests are at stake; that the assignees refuse to permit the examination of the books and papers of the company,—an order for the appointment of a receiver should be made.]

[5. A suit for the appointment of a receiver was pending in the state court at the same time a suit was before the federal court for an injunction and the appointment of a receiver. The order of the latter court appointing such receiver was prior by one-half hour to the order of the state court. Held, that the federal court was first to obtain jurisdiction.]

[In equity. Bill by Bell and Grant against the Ohio Life Insurance & Trust Company and others for the appointment of a receiver, and for an injunction. An injunction was granted in a former proceeding. Order for the appointment of a receiver.

[For proceedings to punish the sheriff, as receiver of the state court, for contempt, see Bell v. Ohio Life & Trust Co., Case No. 1,-260.]

LEAVITT, District Judge. As a first impression it seems to me there is nothing involved in the matter before the court which

gives the importance that counsel attribute to it. No fortune nor the reputation of parties is now to be disposed of; it is simply a motion for an injunction, and for the appointment of a receiver. As to the question whether another court has acquired jurisdiction, or whether the superior court can exercise jurisdiction in the matter, I take this occasion to say, individually and personally, that the superior court is competent and qualified to discharge the duties that may be involved; none entertain a greater respect than myself for that court and the judges.

What are the questions involved? Plaintiffs, on the 16th of this month, filed a bill in chancery in this court, alleging that they had recovered a judgment in this court, upon which an execution was issued, and returned unsatisfied. (Here the court referred to the other allegations of the bill.) The defendants are the Ohio Life Insurance and Trust Company, a corporation of the state of Ohio, and the assignees all residents of Ohio. The bill alleges, generally, that the management of the affairs of the company, by these assignees, is unsatisfactory to the creditors; that the company has suspended, is insolvent; and alleges improper conduct by the assignees, and there is a prayer that the defendants may be held to account, &c., and that the control of the affairs of the company may be withdrawn from them, &c.

The application was made at chambers, before Judge McLEAN and myself, at 9 o'clock on Monday morning, the 18th of October, in pursuance of a notice to that effect. Defendants were represented by regular counsel, who resisted the appointment of a receiver and the granting of an injunction. The injunction was granted by both judges upon, what was deemed, sufficient grounds. It is opposed strenuously by defendants, and much has been said that is not pertinent to the investigation, and a wide range and latitude has been allowed counsel, in the argument of matters not involved. I shall not, therefore, refer to all the points and arguments so ably presented by counsel.

The real question lies within very narrow limits. In the first place, the jurisdiction of the court is denied. It is insisted that there is no grant of power in the constitution to this court to adjudicate in controversies between citizens of this state. If there is no jurisdiction the case must be dismissed. This objection to jurisdiction upon the ground that it is not conferred, I may distinctly admit. This court, as well as all the federal courts, is limited, and cannot exercise powers without they are found in the constitution or the laws of congress. This doctrine has been sanctioned and recognized from the first, and about it there ought to be no question.

It is contended that there are citizens of Ohio, as well as citizens of other states, made parties, and that, unless we have jurisdiction of all, there is no authority to act. There is no prohibition as to bill in chancery against parties resident of other states. It is contemplated that, when a citizen of another state is joined, he may be made a party by process or voluntary appearance; and such is the prayer of this bill. This doctrine is recognized and sanctioned by the 22d rule of the supreme court of the United States. True, if in the process of a case we find that residents of other states are made parties, and the court can not make a decree without these parties, the court would be compelled to dismiss the bill; but this does not prevent jurisdiction of resident defendants. There are causes of difficulty which may arise. As the case against these trustees is not one upon contract, but upon a charge of improper conduct, I think there is no difficulty as to the jurisdiction on this point.

Objection is also made that suits and controversies must arise between parties, citizens of Ohio, who can not be made parties in this court. On the face of this bill, there is clearly a case for this court; the plaintiffs are aliens, and this imports jurisdiction. If there is, then, this jurisdiction, will this court, in anticipation of a difficulty, that may never occur, in anticipation of controversies as to claims of citizens of Ohio, refuse to take jurisdiction of this case? I can see no good grounds for this objection. Suppose there are such claims, does it result, necessarily and unavoidably, that the difficulty will arise? These claims can be presented to a receiver, who can examine and pass upon them. The principles in the Methodist Church Case, [Case No. 1,089,] where there was a trust fund, and claimants who could not become parties, settle this question.

It is also objected to jurisdiction in this court that the real controversy is between the trust company and the trustees, and Bell and Grant are only made parties to give this court jurisdiction. From the showing they are bona fide creditors. True, the corporation could have brought suit against the trustees, but it was declined, and has instituted no proceeding to hold them to accountability. I suppose that, under the authority of the bank cases, in the so-called "Crow Bar Law," there is authority for this court to exercise jurisdiction. Jurisdiction was entertained in these cases without doubt. Injunctions were granted. One case went to the supreme court of the United States, and the question was decided in favor of jurisdiction.

It is also objected that the receiver, if appointed by this court, will not have authority to prosecute suits in other states. It is a possible thing, but does it constitute grounds for this court to refuse to exercise jurisdiction? The same difficulty would arise in the state courts. If this rule is to prevail, no receiver could be appointed at all. These are the main objections as to jurisdiction. It is certainly not necessary to notice the objection that the trust company, being

a corporation, is not a citizen. This doctrine —the right of the federal courts to entertain jurisdiction of corporations—has been established by a number of the most respectable authorities in the supreme court of the United States. These decisions are laws to this court, and, certainly, the policy is good. In this day, when corporations are greatly multiplied, when their influence shows its mark on all the business of the country, it would be strange if suits could not be brought in the United States courts. This doctrine, if established, would deprive our citizens of the constitutional privilege of a choice as to courts. I trust the time is far distant when the corporations of our state can place themselves beyond the power or action of the federal courts.

There are other objections made to the appointment of a receiver in this case: 1st. That the injunction was improvidently issued, without sufficient showing of facts to warrant the order. I remark, first, there is no act of congress, or rule of court, which points out the amount or kind of evidence necessary to warrant an injunction. The order was made after deliberation, by Judge McLEAN and myself. 2d. That the allegations are not sustained by affidavits. The rule, as I understand it, is that the court should have sufficient appear to make the order proper. By the 24th rule, the signature of counsel is required to every bill, which shall be considered as an affirmation on his part that there is good ground for the suit.

It would thus seem that all bills are made on the solemn professional obligation of the counsel that the facts set forth are true. For the purposes of this inquiry, it is not necessary to investigate as to these facts in the bill. The only question for us is, were there facts set forth in the bill sufficient to warrant the order? Besides these, there is the professional statement of the counsel, the affidavits of Hardy, Thompson, Nesmith. In their general aspect, all these present that the trust company is insolvent beyond controversy, and has been so for about a year.

Messrs. Stanberry & McLean say they represent half a million dollars in claims of creditors; also, that a meeting of creditors was held since the filing of the bill in this court, at which it was decided that their interests require the appointment of a receiver. Concerning all the facts necessary to consider, there is no dispute; it is not denied that the company is insolvent, that some of the creditors are dissatisfied with the manner of the assignment to the trustees. It is not necessary to pass on the question of the validity of the assignment at this time. It is also stated, and not denied, that the assignees have refused to let parties examine the books and papers of the company. It is also admitted that the person who is charged with the disastrous consequences to this company has been released.

These then are the granted aspects. In view of all these it does seem that this court was warranted in making the order. The same facts are sworn to in the bill of Spinning and Brown in the superior court. True, the affidavits of the trustees are filed here, denying all malfeasance, &c.; and without saying a word as to these, and admitting them to be true, is there a case presented showing that there is no necessity for the appointment of a receiver. They do not present such a case. The trustees may have acted with the best of motives, and yet the interests of the creditors may require that they no longer manage the affairs of this corporation; and so far as the charges in the bill go to affect the integrity, &c., of the trustees and assignees, they will hereafter have an opportunity to vindicate their actions.

Another objection is, that the superior court had obtained jurisdiction prior to this court, and this court cannot interpose. As I have already had occasion to remark, the tone and temper in which these propositions were presented were not satisfactory to us. The insinuation that this court was grasping for power is unfounded. If the question were left to me, in some cases, I should decline to act, and prefer to devolve jurisdiction upon others; but this is not a matter of personal preference, but of duty. There is nothing better settled than that where there are two courts, having concurrent jurisdiction, that which first gets jurisdiction retains it. Then, as a question of law, which of these courts got jurisdiction? There is clearly a difference as to the jurisdiction of things and persons. One court might get jurisdiction of the things, and both have jurisdiction of the persons.

In this court, service of process gives jurisdiction. I have not inquired as to legislative action in regard to the state courts. If, however, there could be any doubt on this question, it is settled by U. S. Sup. Ct. rule 16, which provides that, "upon the return of the subpoena, as served, and executed upon any defendant, the clerk shall enter the suit upon his docket as pending in the court, and shall state the time of entry."

If priority of jurisdiction depended upon service, there would be no doubt, for the process of this court was served on the 16th, and that of the superior court on the 22d of October. But we will not depend on this question. Which court first obtained jurisdiction over the assets? Both cases were pending before the several courts at the same time on the morning of the 18th. The case in the superior court was an application for a receiver; in this court was an application for receiver and provisional injunction. The fact is positively proven that the order of this court was prior, by half an hour, to the order of the superior court. The affidavit of Mr. Anderson leaves no doubt of this. It results, inevitably, that the order of this court

had the priority. It is said, however, that, though this is so, the assignees are not chargeable with notice. Beyond controversy, the appearance of counsel is, for all legal purposes, an appearance of the party. Is there any thing better settled than that the principal is bound by the acts of his attorney? It seems very clear there was, by legal effect, a jurisdiction in this court from the time of the order. The order is to hold the assets until further order of this court. It vested, by necessary operation, the control of the assets. From that moment the assignees could do nothing; the property came into the custody of the law. In addition to the appearance of counsel, we have proof of actual notice to Broadwell and Fosdick, prior to the order in the superior court. It is not necessary to extend my remarks. In my view the proposition is clear that this court obtained the first jurisdiction to control the assets.

The only remaining question to dispose of, is whether the court will exercise its power, or there is necessity for the action of this court. It is a matter addressed to the chancellor. If he believes there is necessity for such an appointment, he may make the order. Where all the stock has been sacrificed, &c., and it is made to appear that creditors desire such action, is it not a proper case for the exercise of his functions? There is force in the proposition, that one person can do better than so many, in the settlement of affairs situated as are the affairs of this company. It seems to me the assignees can not object to a receiver in this court; the record of the superior court says their order, appointing a receiver, was made without objection on their part. There was a tacit acquiescence.

This court will make an order for the appointment of a receiver.

I am permitted to say, that in all these views I have the concurrence of Judge McLEAN.